**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

Dario **HERRERA–MENDEZ,** also known as David Duron–Hernandez, also known as David Hernandez–Duron, **Defendant–Appellant.**

**No. 06–50418**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 5, 2007.

Joseph H. Gay, Jr, Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Henry Joseph Bemporad, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and KING and DAVIS, Circuit Judges.

PER CURIAM: *

Dario Herrera–Mendez (Herrera) appeals the 57–month sentence imposed following his guilty plea conviction for illegal reentry into the United States in violation of 8 U.S.C. § 1326. Herrera argues that his sentence at the bottom of the applicable advisory sentencing guideline range is unreasonable under 18 U.S.C. § 3553(a) because it is excessive in relation to the seriousness of his offense. Herrera's disagreement with the Sentencing Commission's assessment of the seriousness of his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense does not establish that his sentence was unreasonable. *See United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir.2006). His contention that the district court gave inordinate weight to his false statement regarding his alien status is unsupported by the record.

Herrera also argues, in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that the 57–month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the 8 U.S.C. § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Herrera's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although he contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Herrera properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

**AFFIRMED.**